|     |     |
| --- | --- |
| 1   |     |
| 2   |     |
| ... |     |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MICHAEL LAMONT JONES, | ) | CASE NO. CV 04-02748 ODW |
| --- | --- | --- |
| Petitioner, | ) | **DEATH PENALTY CASE** |
| v. | ) | |
| MICHAEL MARTEL, Warden, California State Prison at San Quentin, | ) | ORDER RE: *BITTAKER* PROTECTIVE ORDER (Docket No. 68) |
| Respondent. | ) | |

Pursuant to *Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003), this Court enters the following Protective Order regarding: (1) documents and materials, including declarations, derived from the trial team or trial counsel files that Petitioner provides to Respondent during this habeas action; and (2) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

1. To the extent that the Court will order the production of documents and discovery in this matter that Petitioner contends are subject to claims of privilege or protected from disclosure by the attorney work-product doctrine, and

1

1. to the extent that this Court will order Petitioner's trial counsel's file, including the files of other defense team members, be produced to the Respondent, or Petitioner turns over such documents voluntarily, such materials shall be subject to this Protective Order and shall remain confidential and shall not be disclosed except as set forth herein.

2. Further, to the extent that this Court will order the taking of the depositions of trial counsel, other members of the defense team, Petitioner, and Petitioner's experts, such testimony disclosing attorney-client communications or work product shall be subject to this Protective Order and shall remain confidential and, shall not be disclosed except as set forth herein.

3. The appropriateness of any measures to prevent the disclosure of the contents of materials subject to this Protective Order in connection with presenting evidence at any evidentiary hearing in this case will be separately addressed by the Court in connection with conducting any such hearing.

4. To the extent that either party intends to file all or any part of the material referenced herein as supporting evidence in this action, the party shall move the Court for an order to file such materials under seal, demonstrating with specificity, the need for the under seal filing.

5. All privileged documents and testimony subject to this Protective Order and produced to Respondent in this action may be used only for purposes of litigating this habeas corpus proceeding by: a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Jones v. Martel* by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support

1  staff, assigned to *Jones v. Martel* by the California Department of Justice, Attorney
2  General's Office, and persons retained by Respondent's counsel to litigate this
3  matter, including, but not limited to, outside investigators, consultants and expert
4  witnesses.  This Protective Order extends to members of the legal teams and all
5  persons retained by the parties to litigate this matter. All such individuals shall be
6  provided with a copy of this Protective Order.

7      6.    Except for disclosure to the persons and agencies described in
8  Paragraph 5, disclosure of the contents of the documents and testimony protected
9  by this Protective Order and the documents and testimony themselves that are
10 protected by this Protective Order shall not be made to any other persons or
11 agencies, including, but not limited to, prosecutorial agencies and law enforcement
12 personnel, without the Court's order.  If Respondent contends that he needs to
13 disclose materials protected by this Protective Order to outside prosecutorial
14 agencies, outside law enforcement personnel, experts, consultants, deponents or
15 witnesses in order to investigate or respond to Petitioner's habeas claims,
16 Respondent shall provide to Petitioner's counsel (a) the identity of the individual/s
17 to whom access is going to be  provided, and (b) Respondent's reasons therefor.
18 Petitioner shall notify Respondent within three  court days of his non-opposition or
19 objection to Respondent's proposal.  If Petitioner objects to  Respondent's proposal,
20 and if the parties cannot resolve their differences within three additional  court
21 days, Petitioner shall provide his written objection to Respondent within three
22 further court  days.  Respondent shall file and serve a document containing
23 Petitioner's objections and Respondent's responses within three additional court
24 days.  The Court shall rule on Petitioner's objections before the privileged materials
25 are disclosed. Any person obtaining access to the privileged material pursuant to
26 this process shall also be given a copy of this Protective Order

1 and shall sign a statement agreeing to be bound by its terms.

2     7. Documents and testimony that Petitioner contends are privileged shall
3 be clearly designated as such by labeling the documents or testimony in a manner
4 that does not prevent reading the text of the document.

5     8. All documents and testimony designated as privileged by Petitioner
6 that are submitted to this Court shall be submitted under seal in a manner reflecting
7 their confidential nature and designed to ensure that the privileged material will not
8 become part of the public record. Any pleading, deposition transcript, discovery
9 response or request, or other papers served on opposing counsel or filed or lodged
10 with the court that contains or reveals the substantive content of the privileged
11 matter shall be filed under seal, and shall include a separate caption page that
12 includes the following Confidentiality Notice or its equivalent:

TO BE FILED UNDER SEAL

THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL
INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO
BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED

17     9. If privileged documents or documents containing privileged matters
18 are filed with this Court, they shall be filed with the Clerk of this Court in sealed
19 envelopes prominently marked with the caption of the case and the foregoing
20 Confidentiality Notice. The Clerk of the Court is directed to maintain the
21 confidentiality of any documents filed in accordance with the above. Insofar as
22 reasonably feasible, only confidential portions of the filings shall be under seal;
23 and the parties shall *narrowly tailor* their documents to limit, as much as is
24 practicable, the quantity of material that is to be filed under seal. When a pleading
25 or document contains only a limited amount of privileged content, a party may file
26 a complete copy under seal and at the same time file on the public record

4

an additional, redacted version of the document, blocking out the limited matter comprising the confidential portions.

10. No later than sixty days after the filing of this Protective Order, Petitioner shall identify any previously filed or lodged pleading, order, declaration, transcript or other document, or any part thereof, that contains or discloses the substance or content of privileged matter.  For each such item, following consultations with Respondent, Petitioner shall file a Redacted Version of the item, blocking out the privileged matter, and for each such originally filed item, Petitioner shall supply the clerk with a "To Be Filed Under Seal" caption page and envelope that conform to the Privileged Caption, and the clerk shall insert the filed or lodged item in the envelope, seal the item and re-file it.

11. Petitioner's disclosure of documents from trial counsel's file in this action, and any related testimony by Petitioner or members of Petitioner's trial team at a deposition in this case, does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

12. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case.  Any modification or vacation of this order shall be made upon notice and an opportunity to be heard from both parties.

**IT IS SO ORDERED.**

Dated: April 25, 2012.

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE